FILED

June 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0757

DA 13-0757

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 164N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

CHRISTOPHER ROBIN LEWIS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-10-34
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender, Chad R. Vanisko, Assistant
            Appellate Defender; Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
            Assistant Attorney General; Helena, Montana

            William E. Fulbright, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs:  April 29, 2015
Decided:  June 19, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christopher Lewis (Lewis) appeals from the order of the Montana Twenty-First Judicial District Court, Ravalli County, denying Lewis's motion to withdraw his nolo contendere plea. We affirm.

¶3 On March 8, 2010, Lewis was charged by information with aggravated assault and assault on a minor. The charges arose from allegations that Lewis caused serious bodily injury to his minor sons. Lewis was represented by counsel at all times during the District Court proceedings arising from these charges.

¶4 On January 18, 2011, Lewis entered a plea agreement. In exchange for the State's promise to dismiss its charge of assault on a minor, Lewis agreed to enter a nolo contendere plea to the aggravated assault charge. The parties also agreed that the State would recommend a 20-year commitment to Montana State Prison with 10 years suspended, while Lewis would not recommend a sentence less restrictive than a 10-year commitment to the Department of Corrections with 5 years suspended. The agreement included four specific conditions of probation to which Lewis would be subject, but it was silent regarding parole restrictions. Beyond these terms, the parties agreed that they

were "otherwise free to recommend and argue for any other lawful term of sentence and/or conditions thereto, subject to a final decision by the [c]ourt."

¶5 On January 19, 2011, the District Court held a hearing, and Lewis entered a nolo contendere plea. After questioning the parties and attorneys involved in the matter, the District Court accepted Lewis's nolo contendere plea, concluding that there was a factual basis for the charge and that the plea had "been entered knowing[ly], voluntarily and intelligently."

¶6 Sentencing was deferred until a pre-sentence investigation could be performed. On March 23, 2011, after hearing the recommendations of the parties, the District Court sentenced Lewis to Montana State Prison for 20 years. It suspended 10 years of this sentence and declared that Lewis was ineligible for parole.

¶7 Following an unsuccessful appeal to this Court, Lewis filed a motion in the District Court to withdraw his plea. The District Court denied the motion, and Lewis now appeals. Lewis contends that either the District Court or his attorney had a duty to inform him that the District Court could accept the plea agreement and still impose parole restrictions. Because neither entity fulfilled this alleged duty and because he was unaware that parole restrictions could be imposed, Lewis contends that his plea was not entered voluntarily. For this reason, Lewis argues that his motion to withdraw his plea was supported by good cause and that the District Court should have granted his motion.

¶8 According to § 46-16-105(2), MCA, a District Court may permit a nolo contendere plea to be withdrawn "for good cause shown." Good cause exists where a plea was not entered as a "voluntary, knowing, and intelligent choice among options."

3

*See State v. Liefert*, 2002 MT 48, ¶¶ 9-10, 309 Mont. 19, 43 P.3d 329; *State v. Brinson*, 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164. Whether a plea is entered voluntarily is a mixed question of law and fact that we review de novo. *Brinson*, ¶ 3. A plea is not involuntary merely because a defendant was not informed of or was not aware of every potential parole restriction that may have been imposed following a plea. A defendant need only be aware of "*special* parole restrictions" for a plea to be voluntary, and courts and attorneys are only required to inform a defendant of such "special" restrictions. *State v. Thomas*, 285 Mont. 112, 122, 946 P.2d 140, 146 (1997) (emphasis added); *see* § 46-12-210(1)(a)(iii), MCA; *Liefert*, ¶ 21.

¶9 When the District Court restricted Lewis's parole eligibility, it did not impose a "special parole restriction." Special parole restrictions are parole restrictions that are provided by law. They do not include discretionary parole restrictions. *Thomas*, 285 Mont. at 122, 946 P.2d at 146. Here, the District Court was not required by statute to restrict Lewis's parole eligibility. Instead, the restriction was an exercise of the District Court's discretion, considering Lewis's individual circumstances.

¶10 As Lewis's parole restriction was not a "special parole restriction," neither the District Court nor Lewis's attorney were required to advise Lewis of the potential for the restriction prior to Lewis's nolo contendere plea. The voluntariness of Lewis's plea was not affected by Lewis's lack of awareness regarding the potential restriction. As such, the District Court's and Lewis's attorney's failure to advise Lewis of the potential restriction was not good cause for Lewis to withdraw his plea, and the District Court did not err by denying Lewis's motion.

¶11   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JIM RICE

Justice Laurie McKinnon, concurring.

¶12   I agree with the Court that Lewis should not be allowed to withdraw his plea, but I would resolve the issue pursuant to a different analysis.  The facts of *State v. Thomas*, 285 Mont. 112, 946 P.2d 140 (1997), are distinguishable from those present here.  In particular, a non-binding plea agreement was at issue in *Thomas*, 285 Mont. at 120, 946 P.2d at 145, whereas the plea agreement entered by Lewis was binding.  In a non-binding plea agreement, the district court may impose any sentence authorized by statute and is not restricted to the sentence agreed upon and recommended by the parties. *See* § 46-12-211(1)(c), MCA.  Pursuant to § 46-18-202(2), MCA, a district court may impose a restriction that the defendant is ineligible for parole if a sentence of imprisonment in the state prison exceeding one year is imposed.  Thus, the sentence in

5

*Thomas* was authorized by law and therefore allowed by the plea agreement. If the plea agreement and acknowledgment of rights signed by Lewis had not allowed the District Court to impose a period of parole ineligibility, I am not convinced that the rule stated in *Thomas* would apply. Imposition of a period of parole ineligibility not contemplated by a binding plea agreement raises different concerns than those presented in *Thomas*.

¶13 A guilty plea is a waiver of constitutional rights, and must be a voluntary, knowing, and intelligent act. *State v. Garner*, 2014 MT 312, ¶ 26, 377 Mont. 173, 339 P.3d 1. A court may allow a guilty plea to be withdrawn "for good cause shown." Section 46-16-105(2), MCA. Good cause includes the involuntariness of the plea. *State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, 114 P.3d 254. If the defendant was aware of the consequences of the plea, and if the plea was not induced by threats, misrepresentation, or improper promises, we will not overturn a district court's denial of a motion to withdraw plea. *Garner*, ¶ 26.

¶14 The written plea agreement between Lewis and the State is silent regarding parole eligibility, except that the parties agreed they were "free to recommend and argue for any other lawful term of sentence and/or conditions thereto, subject to a final decision by the Court." Also, Lewis signed his Acknowledgement of Rights and specifically indicated he understood that punishment may include "THE DISTRICT JUDGE'S ORDER FOR IMPRISONMENT WITHOUT POSSIBILITY OF PAROLE OR FURLOUGH." Moreover, we have already considered whether the District Court's imposition of a parole restriction violated Lewis's plea agreement and decided that it did not. *State v.*

6

*Lewis*, 2012 MT 157, 365 Mont. 431, 282 P.3d 679.  Lewis makes no claim of ineffective assistance of counsel, nor was such a claim raised in the District Court.

¶15    I would not resolve these proceedings through an analysis pursuant to *Thomas*, but rather, I would conclude that the record clearly demonstrates that Lewis actually was advised of the maximum sentence and specifically acknowledged that he could be imprisoned without the possibility of parole.  He has not, therefore, demonstrated that his plea was involuntary.  The District Court did not err in denying Lewis's motion to withdraw his guilty plea.

/S/ LAURIE McKINNON